# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIEL P. HURLEY,**

        **Plaintiff,**

-vs-                                               **Case No. 6:09-cv-1232-Orl-31GJK**

**ADVANCE AUTO PARTS,**

        **Defendant.**

## ORDER

      This matter comes before the Court on the Motion to Dismiss (Doc. 10) filed by Defendant Advance Auto Parts ("Advance") on August 5, 2009. The deadline for a response by the Plaintiff, Daniel Hurley ("Hurley"), passed on August 24, 2009. Hurley, who is representing himself *pro se*, has not responded to the motion. Pursuant to Local Rule 3.01(b), the motion is therefore considered unopposed.

      Advance, Hurley's former employer, contends that the instant suit is an improper attempt to appeal or relitigate Hurley's age discrimination and retaliation claims, which were resolved in favor of Advance after lengthy proceedings – including a trial, at which Hurley was represented by counsel – before the Florida Division of Administrative Hearings. (Doc. 10 at 2). Hurley's complaint (Doc. 1) supports this contention. In it, Hurley complains that he was poorly represented in his case by his "previous attorney". (Doc. 1 at 2). Attached to the complaint, among other things, is a Petition for Relief filed with the Florida Commission on Human Relations on March 24, 2008. (Doc. 1 at 3).

The March 16, 2009 "Final Order Dismissing Petition for Relief from an Unlawful Employment Practice" (Doc. 10-2) explained that Hurley could seek judicial review by filing a notice of appeal within 30 days with the Florida Commission on Human Rights and the appropriate District Court of Appeal. (Doc. 10-2 at 4). Advance contends that no such notice of appeal was filed. The order also provided notice that Hurley had the right to request a review of his Title VII claims by the EEOC within 15 days. (Doc. 10-2 at 5). The complaint does not contain any indication that such a review was requested. Moreover, the complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Federal Rule of Civil Procedure 8(a).

On this record, it appears that the Court lacks jurisdiction over Hurley's claims. Mindful of Hurley's *pro se* status, however, the Court will provide him with another opportunity, if he wishes it, to establish that this Court has the authority to hear this case. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 10) is **GRANTED IN PART**, and the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Should he choose to do so, Hurley may file an amended complaint on or before September 18, 2009. Such amended complaint must include sufficient information for this Court to determine that it possesses

jurisdiction over Hurley's claims. Should Hurley fail to do so, the dismissal without prejudice will be converted to dismissal with prejudice, and the Clerk will be directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 1, 2009.

                                                              GREGORY A. PRESNELL
                                                              UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party