**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DANIEL P. HURLEY,**

              **Plaintiff,**

**-vs-**                                                  **Case No. 6:09-cv-1232-Orl-31GJK**

**ADVANCE AUTO PARTS,**

              **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR EXTENSION OF TIME IN ORDER TO SHOW THAT HE COURT DOES HAVE JURISDICTION OVER PLAINTIFF'S CLAIMS (Doc. No. 17)** |
| **FILED:** | **September 21, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be dismissed with prejudice** | |

On July 16, 2009, Daniel P. Hurly filed a *pro se* complaint (the "Complaint") alleging age discrimination and retaliation claims against Advance Auto Parts (the "Defendant"). Doc. No. 1. On August 5, 2009, the Defendant filed a Motion to Dismiss for Lack of Jurisdiction (the "Motion to Dismiss) arguing that the Complaint failed to allege any federal cause of action or any basis for federal jurisdiction, and requesting that the Court dismiss the Complaint with prejudice. Doc. No. 10.

Plaintiff did not respond to the Motion to Dismiss. On September 1, 2009, the Court entered an order granting in part the Motion to Dismiss and stated:

> On this record, it appears that the Court lacks jurisdiction over [Plaintiff's] claims. Mindful of [Plaintiff's *pro se* status, however, the Court will provide him with another opportunity, if he wishes it, to establish that this Court has the authority to hear this case. . . . Should he choose to do so, [Plaintiff] may file an amended complaint on or before September 18, 2009. Such amended complaint must include sufficient information for this Court to determine that it possesses jurisdiction over [Plaintiff's] claims. Should [Plaintiff] fail to do so, the dismissal without prejudice will be converted to dismissal with prejudice, and the Clerk will be directed to close the case.

Doc. No. 13 at 2-3. To date, Plaintiff has not filed an amended complaint.

On September 21, 2009, Plaintiff filed a Motion for Extension of Time For - In Order to Show that the Court Does Have Jurisdiction Over Plaintiff's Claims (the "Motion") requesting a twenty day extension of time "in order to have an attorney view my 'complete file' giving me an opportunity to establish that this Court does have the authority to hear this case." Doc. No. 17 at 1. On September 22, 2009, the Defendant filed a response (the "Response") to the Motion arguing that because Plaintiff failed to comply with the deadline established by this Court, the Court should dismiss the case with prejudice. Doc. No. 18.

As set forth above, Plaintiff failed to comply with this Court's September 1st order. Accordingly, the undersigned recommends that the Court **DENY** the Motion and dismiss the case with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy