**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIEL P. HURLEY,**

**Plaintiff,**

-vs-                                              **Case No.  6:09-cv-1232-Orl-31GJK**

**ADVANCE STORES COMPANY**
**INCORPORATED,**

**Defendant.**

_____

**ORDER**

This matter comes before the Court on the Motion for Summary Judgment (Doc. 48) filed

by the Defendant, Advance Stores Company Incorporated ("Advance"), the response (Doc. 61)

filed by the Plaintiff, Daniel Hurley ("Hurley"), and Advance's reply (Doc. 62) to that response.

**I.      Background**

Advance operates a chain of auto parts stores.  Hurley was a part-time employee of

Advance, doing deliveries and other work for an Advance store in Ormond Beach, Florida.  Hurley

started working at the Ormond Beach store in 1998, at the age of 53.  In 2001, Jose Rivera

("Rivera") became the assistant manager of the Ormond Beach store.

In October 2006, Hurley was involved in a heated, work-related argument with Rivera.

The parties disagree as to exactly how heated the dispute became, but both agree that no punches

were thrown.  Hurley contends that  during the altercation Rivera called him a "dirty old man" and

a "perverted old man" and said that he should have been fired long before.

After an investigation by Advance management, Rivera was given a written warning and transferred to a store in Daytona Beach. (Doc. 48-9). Hurley was not disciplined as a result of the altercation. He continued to work for Advance at the Ormond Beach store.

In March 2007, Thomas Estes ("Estes") became the manager of the Ormond Beach store. Previously, Estes had been the manager of the Daytona Beach store – the one to which Rivera had been transferred after the altercation with Hurley. According to Hurley, Estes reduced his hours and began making him sign in and out of the store, to keep track of his whereabouts when he was making deliveries. Several weeks later, Hurley left his job. He did not return to work.

On June 11, 2007, Hurley filed a complaint with the Florida Commission on Human Relations, alleging that he had been subjected to age discrimination and retaliation. (Doc. 29-1 at 3). In that complaint, among other things, he complained of being treated "in a hostile and harassing manner" by his supervisors and said he was the only employee who was required to sign in and out of the store. (Doc. 29-1 at 3). He also wrote that he had left his job to take medical leave, brought on by "the negative effects the hostile environment had on my health." After receiving his right-to-sue letter from the EEOC, Hurley filed this suit.

## II.    Summary Judgment

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56©). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III.   Analysis**

Hurley appears *pro se*. His pleadings to this point have not been models of clarity. Based on his complaint to the FCHR, his amended complaint here, and his response to the instant motion, it is not altogether clear what form of ADEA claim he is pursuing: one for discrimination, one for hostile work environment, or one for retaliation. The Court will therefore assess the sufficiency of all three potential claims.

**ADEA claim**

Hurley has not presented any direct evidence of age discrimination in this case (such as, for example, statements by a decisionmaker demonstrating a discriminatory intent).[1]  He therefore must proceed by way of circumstantial evidence.  Where a plaintiff attempts to use circumstantial evidence to establish unlawful discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, courts within the Eleventh Circuit employ a familiar burden-shifting scheme: First the plaintiff must establish a *prima facie* case of discrimination.  If the plaintiff does so, the employer must respond with a legitimate, nondiscriminatory reason for its actions.  Finally, if the employer meets this burden, the plaintiff must show that the employer's articulated reason was simply a pretext to mask unlawful discrimination.  *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428, 1432 (11th Cir. 1998) (citing *Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1556 (11th Cir. 1995).

In an ADEA case involving a discharge, demotion, or failure to hire, a plaintiff may establish a *prima facie* case by showing: (1) that he was a member of the protected group of persons between the ages of forty and seventy; (2) that he was subjected to an adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified for the job for which he was rejected.  *Id.* (citing *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996)).

---

[1]The only evidence that even arguably falls into this category are the "old man" comments made by Rivera.  However, because of the transfer, Rivera was not a decisionmaker with regard to Hurley during the time frame when Hurley contends he suffered an adverse employment action.

Advance does not dispute that Hurley was a member of the protected group, or that he was qualified for his job.  However, Advance argues that Hurley has failed to show that he was subjected to an adverse employment action.  Hurley contends that his hours were cut (Doc. 61 at 1) and that he was constructively terminated (Doc. 61 at 2).  But Hurley has not presented any evidence that his hours were cut, other than his own statements to that effect.  For its part, Advance has presented time records (Doc. 48-11) and copies of Hurley's work schedules (Doc. 48-12) showing that Hurley's schedule and the number of hours he worked remained substantially the same throughout the months before he left his job.

A plaintiff claiming that he was constructively discharged must show that the employer deliberately made his working condition so intolerable that he was forced into an involuntary resignation.  *Buckley v. Hospital Corp. of America, Inc.*, 758 F.2d 1525, 1530 (11th Cir. 1985). Hurley does not point to anything that Advance deliberately did to make his working conditions intolerable.  Aside from complaints related to Rivera – who had been transferred out of the Ormond Beach store months before Hurley left the job – Hurley complains about being made to sign in and out of the store when doing deliveries, and about his schedule being altered.[2]  Advance argues that the signing-out requirement was company policy that simply had not been implemented by Hurley's previous manager.  (Doc. 48 at 8).  Hurley does not present any evidence

_____

[2]Specifically, Hurley contends that on his last day, he came in to work at the usual time of 7:30 a.m. and was told his schedule had been changed, and that he should clock in at 9 a.m. instead.  (Doc. 61-1 at 3).  (Advance contends that the manager wanted him to stay an hour later doing deliveries, so he had him start an hour later.  Hurley does not rebut this assertion.)  He says this change caused him to become "so distraught and upset that [he] had to get medical help."  (Doc. 61-1 at 3).  He left the store, went to see a doctor, and never returned to work – because, he says, the doctor never cleared him to do so.  (Doc. 61-1 at 3).

to rebut this, such as evidence that other stores did not employ this policy, or that he was the only employee at the Ormond Beach store required to sign in and out for deliveries.  Even if Hurley had been the only employee required to sign in and out, such a requirement is not so burdensome as to render the job intolerable.  And Hurley has not presented any evidence, aside from his own vague statement, to show that his hours had been cut in the period leading up to him leaving his job.  As with the sign-out requirement, a reduction in hours would not be enough to render working conditions "intolerable," so as to establish that a constructive discharge occurred.

Because Hurley has failed to show that he was subjected to an adverse employment action, he cannot establish his *prima facie* case.  Advance is therefore entitled to summary judgment on this claim.

### Hostile Work Environment

To establish a *prima facie* ADEA hostile work environment claim*,* Hurley must show that he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) that the harassment was based on a protected characteristic, such as age; (4) that the harassment was sufficiently severe or pervasive as to affect the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for that environment.  *See*, *e.g.*, *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Hurley's hostile environment claim seems to be based on the altercation with Rivera.  A single heated argument is not enough to show harassment that is sufficiently severe or pervasive as to affect the terms and conditions of one's employment.  Perhaps realizing this, Hurley also alleges that, prior to being transferred to another store, Rivera repeatedly ridiculed him and referred to him as an "old man,"  and that after the transfer he encountered Rivera on two occasions: once in the

-6-

Ormond Beach store, and once at the Daytona Beach store.   Again, though, being referred to as an "old man" on some occasions – and Hurley does not share the number of times this occurred, or the circumstances – is not enough, standing alone, to change the terms and conditions of Hurley's employment – particularly given that Rivera was transferred to another store after the remarks occurred and well before Hurley left his job.  And Hurley does not allege that Rivera made any additional derogatory comments when they encountered one another after the transfer.

Hurley has failed to produce any evidence from which a reasonable jury could conclude that he suffered harassment that was sufficient to alter the terms and conditions of his employment.  As such, he cannot establish a *prima facie* case, and Advance is entitled to summary judgment on this claim.

### Retaliation

Hurley's retaliation claim does not warrant extended discussion.  To prevail on this claim, Hurley would have to show that he engaged in statutorily protected conduct, that he suffered an adverse employment action, and that there is a causal relationship between the two events.  *See Ramsay v. Broward County Sheriff's Office*, 303 Fed. Appx. 761, 765 (11th Cir. 2008).  As set forth *supra*, Hurley cannot establish that he suffered an adverse employment action.  In addition, Hurley's response is devoid of any evidence that he engaged in statutorily protected activity, such as complaining about discrimination, prior to his alleged constructive termination.  Advance is entitled to summary judgment on this claim as well.

### IV.    Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 48) filed by the Defendant,

Advance Stores Company Incorporated, is **GRANTED**.  The Clerk is directed to enter judgment

in favor of the Defendant and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 14, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party